STATE v. WILLIAM TUCKER.

*Indictment—Perjury—Judge's Charge.*

On the trial of an indictment for perjury, it became material for the jury to know whether a certain note was given for a horse or for the purchase of land ; and the Court declined to charge the jury as asked by the defendant "that if B sold a horse to H and took the mortgage to secure him, and that was all the debt he had against the land, it made no difference how the contract was made to lift the mortgage, still in law it was an agreement to pay the debt created for the horse, and tha tthe defendant would not be guilty ;" *Held,* to be error.

INDICTMENT for Perjury tried at Fall Term, 1877, of HAY-WOOD Superior Court, before *Furches, J.*

In 1872, W. G. Boyd, the prosecutor, sold a horse to William Halcombe for $100. He took a note payable to his mother, Elizabeth Boyd, and Halcombe secured its payment by mortgage on real estate. Boyd sold the land to one Cagle for $125 and gave him a bond for title upon payment of the same. The defendant bought Halcombe's equity of redemption, and also the interest of Cagle under the bond for title. Subsequently by agreement of all the parties, the defendant paid Boyd a part of the amount due from Cagle, and gave his note payable to Mrs. Boyd for $76,50, the balance due upon the note which Cagle gave as the purchaser of the land. Thereupon Boyd surrendered Cagle's note, and Cagle assigned the bond for title to the defendant.

The prosecutor brought an action before a Justice of the Peace against the defendant for the $76,50, recovered judgment which was docketed in the Superior Court, filed an affidavit stating that it was recovered upon a note given for land, and that the land was not exempt from execution to enforce its payment, and obtained an order from *Cannon, J.* directing the Clerk to issue an execution, and the Sheriff

35

to sell the land in satisfaction thereof. And thereupon the defendant applied for an order restraining the Sheriff from selling the land, stating in his affidavit that said note was given for the purchase of a horse, as aforesaid, and not for the purchase of real estate, and *Cannon, J.* granted the order: The perjury assigned was in the statements set forth in this affidavit.

The instruction asked for by the defendant and refused by His Honor, and upon which the case turns, is set out in the opinion. There was a verdict of guilty, and the defendant appealed because of the refusal to give the instruction prayed for; and *Tate*, Solicitor for the State, appealed because His Honor allowed the defendant's motion in arrest of judgment.

*Attorney General*, for the State.

No counsel for the defendant.

FAIRCLOTH, J. In this case it became material for the jury to know whether a certain note was given for a horse or for the purchase of land, and the evidence was conflicting.

The defendant requested the Court to charge the jury " that if Boyd sold a horse to Halcombe and took the mortgage to secure him, and that was all the debt he had against the land, it made no difference how the contract was made to lift the mortgage, still in law, it was an agreement to pay the debt created for the horse, and that the defendant would not be guilty," which was declined by the Court.

We think this was a proper instruction for the jury, and that the refusal to give it entitles the defendant to another trial. This conclusion renders it unneccessary to consider other exceptions, as they may not arise again.

There is error. Let this be certified to the end that the Court below may proceed according to law.

Error.

PER CURIAM. *Venire de novo.*